**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| JEREMIAH MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-00726-TWP-DKL |
| ) | |
| INDIANA UNIVERSITY, ) | |
| INDIANA UNIVERSITY-PURDUE ) | |
| UNIVERSITY INDIANAPOLIS, ) | |
| BRIAN TOMLINSON, JASON SPRATT, ) | |
| MARIA HINTON, CHAD AHREN, ) | |
| MELANIE PETERSON, DIANA SIMS- ) | |
| HARRIS, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTION FOR FINAL JUDGMENT**

The matter before the Court is the Plaintiff Jeremiah Marshall's ("Marshall"), Motion to Direct Entry on Final Judgment Pursuant to FRCP 54(b).  ([Filing No. 22](#).)  For the following reasons, Marshall's motion is **DENIED**.

**I. BACKGROUND**

While a student at Indiana University-Purdue University Indianapolis ("IUPUI"), Marshall was suspended, expelled and banned from all Indiana University ("IU") campuses, following accusations of sexual assault by a female student which were made on September 7, 2014.  In the course of the investigation and during a meeting with the Assistant Director of Student Conduct, Maria Hinton, on September 22, 2014; Marshall reported that he also had been sexually assaulted by a female student.  The Defendants never investigated Marshall's allegations.  Instead, he was excluded from participating in, and denied the benefits of an education at IUPUI. Marshall asserts that the fact that he, as a male student, was investigated and a female student, with a very similar

set of facts, was not investigated easily meets the "particularized allegation that would allow the court to infer a casual connection between his treatment and gender bias." (Filing No. 14 at 27).

On April 6, 2015, Marshall filed an action in the Marion Superior Court, which was removed to this court. The Complaint alleges Counts I and III: due process violations, Count II: violation of Marshall's rights under Title IX, Counts IV and V: violations of Marshall's rights to free speech, and Count VI: violation of Marshall's Fourth, Fifth, or Fourteenth Amendment rights under 42 U.S.C. 1983. On May 15, 2016, the Court granted in part and denied in part the Defendants' Motion to Dismiss. (Filing No. 21.) In particular, the Court dismissed with prejudice Marshall's due process claims, free speech claims, Section 1983 claim and claims against all individual Defendants. *Id*. at 14. However, the Court did not dismiss Marshall's Title IX claim and Section 1988 claim against IU and IUPUI. *Id*. Marshall now seeks a final judgment with regards to those claims that the Court dismissed with prejudice so that he may seek appellate review. (Filing No. 22.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1291, federal appellate courts "have jurisdiction over all final decisions of the district courts of the United States, and orders resolving fewer than all the claims in a case are not 'final' for purposes of an appeal." *General Ins. Co. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011) (internal quotations omitted). However, Fed. Rule Civ. P. 54(b) provides the following exception:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be

>revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). If there has been such a final judgment, then the district court has the discretion to decide whether to enter judgment on a portion of the case under Rule 54(b). *Horwitz v. Alloy Auto. Co.*, 957 F.2d 1431, 1433 (7th Cir. 1992). The appellate court, however, has placed some limits on the district courts discretion. *Id.* A certification under Rule 54(b) must satisfy three prerequisites for the appellate court to obtain jurisdiction. The claim certified must be separate from the remaining claims, and the judgment entered on the certified claim must be final under 28 U.S.C. § 1291. Further, the district court must expressly determine that there is "no just reason for delay." *ODC Commc'ns Corp. v. Wenruth Invs.*, 826 F.2d 509, 511-12 (7th Cir. 1987).

In making the first determination, the district court is mindful that partial final judgment may be entered only when all of one party's claims or rights have been fully adjudicated or when a distinct claim has been fully resolved with respect to all parties. *Officer v. AS Chase Ins. Life & Annuity Co.*, 500 F. Supp. 2d 1083, 1086 (N.D. Ind. 2007). In this regard, Rule 54(b) allows appeal of claims that are truly separate and distinct from those that remain pending in the district court, where "separate" means having "minimal factual overlap". *Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Cos.*, 408 F.3d 935, 939 (7th Cir. 2005) ("[t]he test for separate claims under [Rule 54(b)] is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial, that if the latter were to give rise to a separate appeal at the end of the case, the court would have to go over the same ground that it had covered in the first appeal."). In making the final determination, the district court must consider whether "there is no just reason for delay," based on the effects that a delay of an appeal would have on the parties. See *ODC Commc'ns Corp.*, 826 F.2d at 511-12.

3

### III. DISCUSSION

Regarding the first determination, Marshall is correct that the prior order was a final judgment on Marshall's due process claims, free speech claims, and Section 1983 claim. ([Filing No. 21 at 14](.).) Those claims were dismissed with prejudice against all parties. *Id*.

With respect to the second determination, a Rule 54(b) judgment is employed only when the subjects of the partial judgment do not overlap with those remaining before the district court. *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 2392 F.3d 922, 924 (7th Cir. 2004). Thus, the Court must determine whether the evidence pertaining to the dismissed due process, violation of free speech and violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution claims overlap as a practical matter, with the evidence pertaining to the Title IX claims against IUPUI and IU.

In support of his argument that the claims do not overlap, Marshall explains that when he wanted to take the deposition of Maria Hinton, the parties agreed to limit the deposition topics to the legal claims still remaining in the lawsuit and the Defendants separately agreed that "Plaintiff could hold the deposition open and resume Ms. Hinton's deposition on the other claims if they were ever revived." (*See* [Filing No. 26 at 2](.)). Marshall asserts that Defendants cannot have it both ways, arguing that the claims are factually distinct during discovery and arguing that they are factually similar for the purposes of entering final judgment[1]. Defendants respond that the parties' agreement to limit discovery is "an ordinary and appropriate action" which provides no guidance as to whether Plaintiff has met his burden for entry of a partial final judgment. ([Filing No. 29 at 3](.)). While these circumstances are a factor that the Court may consider in making its determination,

---

[1] As an aside, the Court agrees with Marshall that Defendants cannot have it both ways. Because Marshall has pled that male students alleging sexual assault are denied rights and privileges afforded female students who allege sexual assault, IUPUI and IU cannot foreclose Marshall's right to fully conduct discovery on these issues with the individual defendants (such as Maria Hinton) who have been dismissed from this action.

the Court is required to examine the facts of the claims on which final judgment has been granted and the claim that remains for trial.

The facts alleged in the dismissed claims are that Marshall was expelled from IUPUI and banned from all IU campuses for allegedly committing a sexual assault, which violated his rights of due process, his rights to speak freely with fellow university students to prepare for his defense, and his rights under the Fourth, Fifth and Fourteenth Amendments. With respect to the pending Title IX claim, Marshall contends that the Defendants expelled him from IUPUI and banned him from all IU campuses for allegedly committing a sexual assault, but that the Defendants failed to even investigate a reported sexual assault committed against Marshall by a female student. (*See* Filing No. 1-1 at 11-12.) As pled, the facts in support of the claims in Count II are not so separate from the facts supporting the dismissed claims because Marshall specifically refers to his banishment for alleged sexual assault as evidence of the gender bias against him. In particular, Marshall's Title IX claim alleges that the Defendants violated his rights to be free from discrimination based on his sex in the following, non-exhaustive ways:

    a. By failing to promptly and adequately investigate Mr. Marshall's own allegations of sexual assault;
    b. By creating a campus environment in which Mr. Marshall, an accused male student, was excluded from participating in and denied the benefits of an education at IUPUI and discriminated against because of his sex;
    c. Through their investigation, hearing, and appeals process, which were conducted in a manner that were biased against the male student, and causing the male student to be unjustly deprived of educational opportunities on the basis of his sex;
    d. By having a flawed and biased investigation, hearing, and appeals process that was purposely intended to disproportionately affect male students;
    e. By sanctioning, tolerating, and endorsing procedures and policies which deprived Mr. Marshall, a male student, of rights and privileges provided to female students; and
    f. By proceeding with actual knowledge of the discriminatory conduct and showing deliberate indifference towards Mr. Marshall on the basis of his gender.

Filing No. 1-1 at pp. 10-11, ¶ 106. All of Marshall's legal claims originate from the same operative facts – Defendants' flawed investigation into allegations of sexual assault, an unfair student disciplinary hearing, and that IUPUI and IU implemented a policy, pattern, and/or practice which deprived Marshall of certain rights and privileges as a male student, compared to the policies and practices applied to female students.

Admittedly, Marshall's legal theories are dissimilar. However, different theories of relief or different legal characterizations of the same facts are not separate claims for Rule 54(b) purposes. *See Lottie*, 408 F.3d at 939. Further, "separate" in the Rule 54(b) context does not mean arising under a different statute or legal doctrine but rather means involving different facts. *See Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002). A rule 54(b) certification is therefore not appropriate because if Marshall proceeded to a separate appeal at the end of the case, the appeals court would have to go over much of the same ground that it had covered in the first appeal.

Finally, for a certification under Rule 54(b), the district court must expressly determine that there is "no just reason for delay." In support of his hardship claim, Marshall submitted emails from three Indiana universities which indicate that his ability to enroll is subject to his willingness to explain the reasons for his dismissal from IUPUI. (*See* Filing No. 26-1.) He asserts that a delayed final resolution of his challenges to the constitutionality of his dismissal from IUPUI has a negative effect on his ability to pursue a higher education. In response, Defendants have submitted an exhibit which shows that Marshall has transferred to Indiana State University (Filing No. 27-2) and Marshall does not dispute their assertion that he has been enrolled there as a student

since late fall 2015. As such, the Court determines that no hardship exists and declines to determine that there is no just reason for delay pursuant to Rule 54(b). [2]

## IV. CONCLUSION

Although the evidence for the dismissed claims and the Title IX claim are not identical, there is significant evidentiary overlap that renders a Rule 54(b) judgment inappropriate. Accordingly, the Court **DENIES** Marshall's Motion to Direct Entry of Final Judgment Pursuant to FRCP 54(b). ([Filing No. 22](#).)

The proposed deadlines in the parties' Joint Case Management Plan were suspended pending a ruling on the instant motion. ([Filing No. 31](#)). The Court has issued its ruling and the parties are directed to file an Amended Joint Case Management Plan and to schedule an initial pretrial conference with the Magistrate Judge.

**SO ORDERED.**

Date: 8/31/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Hamish S. Cohen
MATTINGLY BURKE COHEN & BIEDERMAN LLP
hamish.cohen@mbcblaw.com

Jonathan D. Mattingly
MATTINGLY BURKE COHEN & BIEDERMAN LLP
Jon.mattingly@mbcblaw.com

Jeff Neuenschwander
SAEED & LITTLE LLP
jeff@sllawfirm.com

---

[2] The dismissed claims were dismissed pursuant to FRCP 12(b)(6). Following discovery, both parties will have the opportunity, if appropriate, to pursue expeditious resolution of the remaining claims via summary judgment.

Jessica A. Wegg
SAEED & LITTLE LLP
jessica@sllawfirm.com

Jonathan Charles Little
SAEED & LITTLE, LLP
jon@sllawfirm.com